IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MICROSTRATEGY SERVICES CORP.,    )
                                 )
       Plaintiff,                )
                                 )
          v.                     )     1:14cv1244 (JCC/IDD)
                                 )
OPENRISK, LLC,                   )
                                 )
       Defendant.                )

## M E M O R A N D U M   O P I N I O N

This matter is before the Court on MicroStrategy Services Corp.'s ("MicroStrategy") Motion for Reconsideration. [Dkt. 88.]  For the following reasons, this Court will grant the motion and dismiss OpenRisk LLC's ("OpenRisk") remaining counterclaims.  The Court will deny OpenRisk's request for leave to amend.

### I. Background

Familiarity with the facts is presumed.  (*See* 3/17/15 Mem. Op. [Dkt. 67].)  As relevant here, MicroStrategy and OpenRisk entered into a five-year contract, whereby MicroStrategy would provide cloud computing services for OpenRisk.  (*Id.* at 1-2.)  Shortly after the contract was signed, OpenRisk notified MicroStrategy it was unable to make its quarterly payments.  (*Id.* at 2.)  Exercising its contractual

1

right to cancel for non-payment, MicroStrategy cancelled the contract. (*Id.* at 3.) In September 2014, MicroStrategy brought a one-count breach of contract action in this Court. (*Id.* at 3.) OpenRisk counterclaimed, asserting five causes of action: aiding and abetting breach of fiduciary duties ("Count I"), business conspiracy in violation of Virginia Code §§ 18.2-499 – 500 ("Count II"), common law conspiracy ("Count III"), tortious interference with contract ("Count IV"), and misappropriation of trade secrets in violation of Virginia Code § 59.1-336 ("Count V"). (*Id.* at 5.) MicroStrategy timely moved to dismiss. (MicroStrategy Mot. to Dismiss Am. Countercl. [Dkt. 39].) This Court granted the motion in part, dismissing with prejudice Count I and dismissing Counts IV and V with leave to amend those counts. (3/17/15 Order [Dkt. 68] at 1-2.) The Court denied the motion as to Counts II and III. (*Id.*) OpenRisk never filed amended Counts IV and V.

MicroStrategy then moved to have the Court reconsider its ruling on Counts II and III, arguing that since the trade secrets misappropriation claim failed, there is no predicate unlawful act for the statutory and common law conspiracy in Counts II and III and therefore those counts must also be dismissed. (MicroStrategy's Mem. in Supp. [Dkt. 88] at 1.) Having been fully briefed and argued, this motion is ripe for disposition.

## II. Legal Standard

The Court's March 17, 2015 is an interlocutory order, and thus the analysis for reconsideration of that order is properly governed by Rule 54(b).  *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2013); *see also Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 546 (E.D. Va. 2010).  Reconsideration of an interlocutory order is not "subject to the strict standards" that govern reconsideration of a final judgment.  *Am. Canoe Ass'n*, 326 F.3d at 514.  Yet, when analyzing a Rule 54(b) motion for reconsideration of an interlocutory order, the Court is nonetheless guided by the general principles of Rule 59(e) and Rule 60(b) motions for reconsideration of final judgments.  *Id.* at 514-15; *see also Zaklit v. Global Linguist Solutions, LLC*, No. 1:14cv314 (JCC/JFA), 2014 WL 4161981, at *2 (E.D. Va. Aug. 19, 2014) (citing cases).

Departing from a previous ruling is within the sole discretion of the district court "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (citation omitted).  These circumstances "rarely arise and the motion to reconsider should be equally rare."  *Above the Belt, Inc. v. Mel Bohannan Roofing,*

3

*Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983).  As there is no intervening change in the law or new evidence now before the Court, the Court only reconsiders the previous order to correct a clear error of law or prevent manifest injustice.  Such motions for reconsideration may not "reargue the facts and law originally argued in the parties' briefs." *Projects Mgmt. Co. v. DynCorp Int'l, LLC*, 17 F. Supp. 3d 539, 541 (E.D. Va. 2014) (quoting *United States v. Smithfield Foods, Inc.*, 969 F. Supp. 975, 977 (E.D. Va. 1997)) (citing *Pac. Ins. Co. v. Am. Nat'l Fire. Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) ("The Rule 59(e) motion may not be used to relitigate old matters.").  Stated differently, it is inappropriate for the Court to "reevaluate the basis upon which it made a prior ruling," especially when it appears the motion "merely seeks to reargue a previous claim." *DynCorp Int'l, LLC*, 17 F. Supp. 3d at 541 (quoting *Smithfield Foods*, 969 F. Supp. at 977).  Indeed, such a request necessarily requires an "extraordinary remedy which should be used sparingly." *DynCorp Int'l, LLC*, 17 F. Supp. 3d at 541 (quoting *Pacific Ins*. *Co.*, 148 F.3d at 403).

### III. Analysis

As this Court noted in its March 17, 2015 Memorandum Opinion, Microstrategy raised three independently sufficient grounds in support of its motion to dismiss.  (3/17/15 Mem. Op. at 11.)  Microstrategy does not seek reconsideration of two of

4

these grounds, but rather asks the Court to consider the first ground it raised in support: that OpenRisk's trade secret misappropriation claim fails, so the statutory and common law business conspiracy claims must fail as well because there is no predicate unlawful act. (Microstrategy's Mem. in Supp. at 1.)

"[A]ctions for common law civil conspiracy and statutory business conspiracy only lie if a plaintiff sustains damages as a result of an act that is itself wrongful or tortious." *Dunlap v. Cottman Transmission Sys., LLC*, 754 S.E.2d 313, 317-318 (Va. 2014); *see also Almy v. Grisham*, 639 S.E.2d 182, 188 (Va. 2007) ("In Virginia, a common law claim of civil conspiracy generally requires proof that the underlying tort was committed."); *McCarthy v. Kleindienst*, 741 F.2d 1406, 1413 n. 7 (D.C. Cir. 1984) ("[C]onspiracy allegations . . . do not set forth an independent cause of action; instead, such allegations are sustainable only after an underlying tort claim has been established."). "If the underlying tort is dismissed for any reason, so, too, must the corresponding conspiracy claim be dismissed." *Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 311 (4th Cir. 2012). Here, OpenRisk did not amend its trade secret misappropriation claim, and there are no other tort counterclaims that survive. Therefore, there is no underlying tort alleged to support the common law and statutory business conspiracy counterclaims and

these counterclaims must also be dismissed.  *See Tire Engineering*, 682 F. 3d at 311-12 (holding that common law conspiracy to infringe trademark claims must be dismissed where the underlying tort of trademark infringement was dismissed); *see also Dunlap v. Cottman Transmissions Sys., LLC*, 576 F. App'x 225, 226 (4th Cir. 2014) (reversing district court's dismissal of statutory business conspiracy claim on grounds that tortious interference with contract claim did not state a predicate unlawful act in light of Supreme Court of Virginia's answer to certified question); *McCarthy*, 741 F.2d at 1413 n.7 ("In the context of the present case, for example, individuals alleging false arrest must prove that they were unlawfully arrested in order for their conspiracy claims to become cognizable.").

OpenRisk has requested leave to amend to include counterclaims for conversion and violations of the Virginia Computer Crimes Act.  (OpenRisk's Opp. [Dkt. 107] at 6-9.) Federal Rule of Civil Procedure 15(a)(2) instructs the Court to "freely give leave [to amend] when justice so requires."

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be '"freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

Perhaps the most important factor the Court should consider in deciding whether to grant leave is prejudice to the opposing party.  6 Wright & Miller, Federal Practice & Procedure § 1487 (3d ed. 2008).  "This entails an inquiry into the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted."  *Id.*

Here, discovery closed on April 15, 2015 and a trial is set for June 22, 2015.  At the hearing on this motion, MicroStrategy's counsel represented that it would need additional discovery if OpenRisk was permitted to add claims under the Virginia Computer Crimes Act.  OpenRisk already amended its counterclaims once as a matter of course and was given the limited opportunity to amend its trade secret claim after the motion to dismiss and did not do so.  During discovery, it did not request leave to amend to add the Virginia Computer Crimes Act claim.  Furthermore, some form of this action has been pending for almost a year.[1]  Given the proximity to trial, the fact that discovery has closed, the simplicity of the underlying action, the potential for the counterclaims to make this trial more lengthy and complex, and OpenRisk's lack of

---

[1] OpenRisk originally sued MicroStrategy in Massachusetts state court.  That suit was dismissed contingent upon OpenRisk filing counterclaims in this action.  (*See* 3/17/15 Mem. Op. at 5 n.1.)

prior motions to amend during discovery, there is a strong risk of prejudice to MicroStrategy in granting OpenRisk leave to amend. Therefore, OpenRisk will not be granted leave to amend its counterclaims. *See Naden v. Saga Software, Inc.*, 11 F. App'x 381, 383 (4th Cir. 2001) (affirming district court's finding that a motion to amend was untimely because it was filed four months after the scheduling order deadline and after non-movant filed for summary judgment); *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996) (holding that undue delay accompanied by futility or prejudice to the non-movant is sufficient reason for denying leave to amend under Rule 15(a)); *Harleysville Life Ins. Co. v. Harrelson*, No. 7:10cv51-DAN, 2011 WL 4544047, at *13 (E.D.N.C. Sept. 29, 2011) (finding untimely motion to amend answer, filed after the close of discovery without sufficient justification as to why late).

## IV. Conclusion

For the foregoing reasons, the Court will grant MicroStrategy's motion and dismiss the amended counterclaims. The Court will deny OpenRisk's request for leave to amend. An appropriate order will issue.

<table>
<tr><td></td><td>/s/</td></tr>
<tr><td>May 6, 2015</td><td>James C. Cacheris</td></tr>
<tr><td>Alexandria, Virginia</td><td>UNITED STATES DISTRICT COURT JUDGE</td></tr>
</table>

8